UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICOLE M. LANDRY-BOUDREAUX,**<br>   Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9312** |
| **PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.,**<br>   Defendants | **SECTION: "E"(2)** |

## ORDER AND REASONS

Before the Court is a motion to remand, filed by Plaintiff Nicole M. Landry-Boudreaux.[1] The motion is opposed.[2] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

On August 27, 2018, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Plaintiff Landry-Boudreaux filed a class action petition, pursuant to Louisiana Code of Civil Procedure article 591 *et seq.*, against Defendants Louisiana Regional Landfill Company (formerly known as, and named in the caption as, IESI LA Landfill Corporation);[3] Waste Connections Bayou, Inc. (formerly known as, and named in the caption as, Progressive Waste Solutions of LA, Inc.); Waste Connections, US, Inc. (collectively, "Waste Connections Defendants"); Aptim Corporation; and Jefferson Parish.[4] Plaintiff alleges the Jefferson Parish Landfill in Waggaman, Louisiana ("the Landfill") emitted noxious odors and gases into neighborhoods in the surrounding areas.[5] The proposed Plaintiff class is defined as:

---

[1] R. Doc. 8.
[2] R. Docs. 10, 15, 20.
[3] Plaintiffs incorrectly named as a separate Defendant "Louisiana Regional Landfill Company, Inc.," a non-existent entity. R. Doc. 1-3.
[4] *Id.*
[5] *Id.* at 3, ¶ III.

1

> All persons domiciled of and/or within the Parish of Jefferson . . . who sustained legally cognizable damages in the form of personal injury, lost wages, nuisance, interference with the enjoyment of their properties, and/or diminution in value of their properties as a result of the Defendant(s)' acts that caused the emission of noxious odors and gases into and unto their persons and properties.[6]

On October 5, 2018, Waste Connections Defendants, removed the case to this Court, invoking this Court's jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").[7] On October 29, 2018, Plaintiff filed the instant motion to remand the case to state court.[8] She argues CAFA's amount-in-controversy requirement is not met and that this case falls within CAFA's "local controversy exception."[9] Defendants oppose.[10]

*Ictech-Bendeck v. Progressive Waste Solutions of La., Inc.*, another class action petition alleging damages from noxious odors and gases emanating from the Landfill, was filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on July 25, 2018, over one month prior to the filing of the instant case.[11] *Ictech-Bendeck* was removed to this Court on August 17, 2018.[12] The defendants in the instant case are identical to the named defendants in *Ictech-Bendeck*, and the proposed plaintiff class in *Ictech-Bendeck* is nearly identical to the proposed plaintiff class in the instant case.[13]

*Thompson v. Louisiana Regional Landfill Company*, another class action petition alleging similar factual allegations, was filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on July 30, 2018, twenty-eight days prior to the filing of the instant case, and removed to this Court on August 23, 2018.[14] All but one defendant in

---

[6] *Id.* at 6, ¶ IX.
[7] R. Doc. 1.
[8] R. Doc. 8.
[9] R. Doc. 8-1 at 4–6.
[10] R. Docs. 10, 15, 20.
[11] No. 785-955 (La. Dist. Ct. filed Jul. 25, 2018).
[12] No. 18-cv-7889 (E.D. La. filed Aug. 17, 2018).
[13] *Id.*, R. Doc. 1-3 at 6, ¶ IX.
[14] No. 18-cv-8071 (E.D. La. filed Aug. 23, 2018).

the instant case is also named in *Thompson*, and the proposed plaintiff class in *Thompson* is also nearly identical to the proposed class in the instant case.[15]

The plaintiff in *Thompson* filed a motion to remand the case to state court,[16] raising many of the same arguments that Plaintiff Bernard raises in the instant motion. On March 14, 2019, the Court issued an Order and Reasons denying the motion, finding CAFA's amount-in-controversy requirement is satisfied and that the local controversy exception does not apply.[17]

## **STANDARD OF LAW**

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.[18] To determine whether the Court has jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal.[19] Remand is proper if at any time before final judgment it appears the Court lacks subject-matter jurisdiction.[20]

CAFA vests federal district courts with original jurisdiction over class actions in which the amount-in-controversy exceeds $5 million, and the class fits one of the following categories:

> (A)  any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B)  any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

---

[15] R. Doc. 1-4, *Thompson*, 18-cv-8071.
[16] R. Doc. 6, *Thompson*, 18-cv-8071.
[17] *Thompson*, 18-cv-8071 (E.D. La. Mar. 14, 2019) (order denying remand).
[18] *See* 28 U.S.C. § 1441(a).
[19] *Id.*
[20] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

(C)    any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.[21]

When a party objects to the Court's jurisdiction under CAFA, that party "must prove that the CAFA exceptions to federal jurisdiction divest[] the district court of subject matter jurisdiction."[22]

## ANALYSIS

In *Thompson*, the Court issued an Order and Reasons denying the plaintiff's motion to remand.[23] The Court found CAFA's amount-in-controversy requirement is satisfied.[24] The Court also found the local controversy exception does not apply because *Ictech-Bendeck*, a class action petition raising similar factual allegations against many of the same defendants on behalf of a nearly identical plaintiff class, was filed before *Thompson*.[25]

For the reasons stated in the Court's order in *Thompson*, the Court finds this case satisfies CAFA's jurisdictional requirements.[26] The Court also finds, because the earlier-filed petitions in *Ictech-Bendeck* and *Thompson* both raise similar factual allegations

---

[21] 28 U.S.C. § 1332(d)(2). CAFA also contains separate provisions for "mass actions," *Id.* at § 1332(d)(11), which are actions in which there are over 100 named plaintiffs. *Id.* at § 1332(d)(11)(B)(i); *see Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 164 (2014) ("According to CAFA's plain text, a "mass action" must involve monetary claims brought by 100 or more persons who propose to try those claims jointly as named plaintiffs."). This case is not a mass action because there is only one named Plaintiff.
[22] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see also Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 409 n.3 (5th Cir. 2014).
[23] *Thompson*, 18-cv-8071 (E.D. La. Mar. 14, 2019) (order denying remand).
[24] *Id.* at 4–6.
[25] *Id.* at 6–10.
[26] Plaintiff offers to "stipulate to less than the $75,000 jurisdictional amount in controversy" on an individual basis. R. Doc. 8-1 at 6. Plaintiff cites no cases or statutes in support of the proposition that a stipulation to less than $75,000 in individual damages for herself would affect this Court's jurisdiction. The Court notes that 28 U.S.C. § 1332(d)(11)(B)(i), which governs *mass actions*, not class actions, contains a requirement that plaintiffs must also satisfy the $75,000 amount-in-controversy requirement of § 1332(a). This requirement has no bearing on this matter, which is a *class* action under § 1332(d).

against many of the same defendants on behalf of a nearly identical plaintiff class as the instant case, the local controversy exception does not apply to the instant case.[27]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to remand, filed by Plaintiff Nicole M. Landry-Boudreaux, be and hereby is **DENIED**.[28]

**New Orleans, Louisiana, this 14th day of March, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[27] *See Thompson*, 18-cv-8071 (E.D. La. Mar. 14, 2019) (order denying remand).
[28] R. Doc. 8.